Dear Ms. Wilson:
You have requested an opinion from this office with respect to whether:
1. Interviewing applicants and clients at locations other than a licensed location is considered operating or advertising an employment service office; and
2. A private employment service is required to obtain a license and bond for each location where an interview of an applicant or client takes place.
LSA-R.S. 23:104 provides, in pertinent part, that:
"No person shall operate an employment service in this state unless licensed by the assistant secretary. A license shall be required for each employment service office operated."
LSA-R.S. 23:112(5) provides, in pertinent part, that:
". . . [N]o employment service activities involving face-to-face contact with candidates and clients, shall be conducted from a private residence."
Under the provisions of LSA-R.S. 23:101(2), which defines "employment service", the face-to-face contact activities described in your letter are an employment service. However, it is each employment service office, that is, the physical location from which the employment service generally and substantially operates, which must be licensed and bonded. The law does not require that all employment service related activities must be conducted in or from a licensed employment service office.
Certain employment service activities, such as telephone contact from a car or a pay telephone, or out-of-town interviewing, could not, in fact, be conducted from the licensed employment service office.
Tangential employment service activities, including face-to-face contact, especially those conducted by an employment service licensed from a private residence, do not, by themselves, constitute operating or advertising an employment service office. Such activities may be conducted from locations other than a licensed employment service office. Further, each location where such tangential employment service activities are conducted need not be licensed nor bonded.
We trust that this will be sufficient for your needs.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General